**Jorge Alberto BOLANOS, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–76773.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 20, 2009.

Areg Kazaryan, Law Offices of Areg Kazaryan, Glendale, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Los Angeles, CA, John R. Cunningham, Esquire, John Hogan, Senior Litigation Counsel, OIL, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Jorge Alberto Bolanos, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because Bolanos' testimony and application were inconsistent concerning the reasons for his participation in and desertion from guerrilla activities and this participation and subsequent desertion formed the basis of Bolanos' fear of future persecution. *See Ceballos–Castillo v. INS*, 904 F.2d 519, 520 (9th Cir.1990). In light of the consistency of the other details concerning Bolanos' involvement with the guerrillas in his

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

application, a reasonable fact finder would not be compelled to accept Bolanos' explanation that the person who prepared the application failed to explain accurately Bolanos' reasons for his involvement with the guerillas. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1150 (9th Cir.1999) (a contrary result is not compelled where there is "[t]he possibility of drawing two inconsistent conclusions from the evidence" (internal quotation marks and citation omitted)). The agency therefore properly denied Bolanos' application for asylum. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Bolanos failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See id.*

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.